# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES G. DURAN,<br><br>                Petitioner,<br>    vs.<br><br>NANCY L. HARDY, Warden,<br><br>                Respondent. | CASE NO. 11cv1723 WQH (DHB)<br><br>ORDER |

HAYES, Judge:

The matter before the Court is the Report and Recommendation (ECF No. 23) of the Honorable Magistrate Judge David H. Bartick.

## BACKGROUND

In 1974, Petitioner James G. Duran pled guilty to two counts of first degree murder and was sentenced to seven years to life in California state prison, with the possibility of parole after seven years. (ECF No. 1 at 8).

On October 1, 2008, the California Board of Parole Hearings ("Board") denied Petitioner's request for parole for the fifteenth time. (ECF No. 1 at 8; ECF No. 8-1).

On August 1, 2011, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition"), asserting that the Board's determination violated: (1) his right to due process of law, (2) his right to equal protection under the law, and (3) the Eighth Amendment's prohibition on cruel and unusual punishment. (ECF No. 1).

On October 3, 2011, Respondent Nancy L. Hardy filed a Motion to Dismiss pursuant

to Rule 4 of 28 U.S.C. § 2254. (ECF No. 8). Respondent contends that Petitioner's due process claim, which challenges the sufficiency of the evidence supporting the Board's decision, is foreclosed by the United States Supreme Court's decision in *Swarthout v. Cooke*, __ U.S. __, 131 S.Ct. 859 (Jan. 24, 2011). Respondent contends that Petitioner fails to state a claim for violation of the equal protection clause or the Eighth Amendment's prohibition on cruel and unusual punishment. On April 2, 2012, Petitioner filed an Opposition. (ECF No. 21).

On June 13, 2012, the Magistrate Judge issued a Report and Recommendation recommending that the Petition be dismissed without leave to amend. (ECF No. 23).

On August 15, 2012, Petitioner filed objections to the Report and Recommendation. (ECF No. 26). Petitioner objects to the Magistrate Judge's findings on the grounds that "the Report misconstrues the applicable Federal Law and does not properly apply the law of disproportionality to Petitioner's case." *Id.* at 2.

**STANDARD OF REVIEW**

The duties of the district court in connection with a magistrate judge's report and recommendation are set forth in Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). The district court must "make a de novo determination of those portions of the report ... to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. §636(b)(1); *see also United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989). When no objections are filed, the district court need not review the Report and Recommendation de novo. *See Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005); *U.S. v. Reyna-Tapia*, 328 F.3d 1114, 1121-22 (9th Cir. 2003) (en banc). A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Fed. R. Civ. P. 72(b); see also 28 U.S.C. § 636(b)(1).

**DISCUSSION**

Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed

to it that the petitioner is not entitled to relief in the district court." Rule 4, 28 U.S.C. § 2254.

Petitioner has not objected to the recommendation of the Magistrate Judge to dismiss Petitioner's equal protection claim. This Court has reviewed the record and the Report and Recommendation in their entirety. The Court finds that the Magistrate Judge correctly concluded that "Petitioner cannot state a claim for violation of his rights under the Equal Protection Clause that would entitle Petitioner to federal habeas corpus relief" (ECF No. 23 at 5).

## I.     Petitioner's Due Process Claim

In his objections to the recommendation of the Magistrate Judge, Petitioner cites numerous California state court cases and contends:

> As argued above and supported by the cases cited therein, Petitioner's denial of parole is <u>not</u> based on an individualized inquiry, as is required by statutory provisions, but on the basis of a policy that violates due process and does <u>not</u> take proportionality into account; this practice has resulted in Petitioner serving a term of confinement disproportionate to his "base term" violating the 8th and 14th Amendments to the United States Constitution and is contrary to the Report's findings.

(ECF No. 26 at 10) (emphasis in original).

"The habeas statute 'unambiguously provides that a federal court may issue a writ of habeas corpus to a state prisoner only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'" *Swarthout v. Cooke*, ___ U.S. ___, 131 S.Ct. 859, 861 (2011) (quoting *Wilson v. Corcoran,* 562 U.S. ___, ___, 131 S.Ct. 13, 15 (2010) *(per curiam);* 28 U.S.C. § 2254(a)). The United States Supreme Court has repeatedly stated that "federal habeas corpus relief does not lie for errors of state law.'" *Lewis v. Jeffers,* 497 U.S.764, 780 (1990); *Estelle v. McGuire*, 502 U.S. 62, 67 (1991); *Swarthout*, 131 S.Ct at 861.

There is a two step analysis for determining whether the Due Process Clause has been violated: "[w]e first ask whether there exists a liberty or property interest of which a person has been deprived, and if so we ask whether the procedures followed by the State were constitutionally sufficient." *Swarthout*, 131 S.Ct. at 861 (citing *Kentucky Dept. Of Corrections v. Thompson*, 490 U.S. 454, 460 (1989)). California law "creates a liberty interest in parole." *Swarthout*, 131 S.Ct. at 862. "When ... a State creates a liberty interest, the Due Process

Clause requires fair procedures for its vindication – and federal courts will review the application of those constitutionally required procedures." *Id.* In the context of parole, "... the procedures required are minimal" under the federal Constitution. *Id.* A prisoner receives adequate due process at a parole hearing when he is "allowed an opportunity to be heard and [is] provided a statement of the reasons why parole [is] denied. ... 'The Constitution ... does not require more.'" *Id.* (quoting *Greenholtz*, 442 U.S. at 16).

In *Swarthout*, the United States Supreme Court reviewed two cases involving California state prisoners who asserted that they were denied parole in violation of their right to due process. *Swarthout*, 131 S.Ct. at 859. At the parole hearings, each prisoner was given an opportunity to speak and contest the evidence, and was notified as to why his request for parole was denied. *Id.* at 862. The Court stated: "[t]hat should have been the beginning and the end of the federal habeas courts' inquiry into whether [the petitioners] received due process." *Id.* (finding that the Court of Appeals for the Ninth Circuit had "misapplied California's 'some evidence' rule").

In this case, the Magistrate Judge stated: "Petitioner does not allege that he was not afforded constitutionally adequate process as defined in *Swarthout*, that is, that he was denied a meaningful opportunity to be heard or a statement of reasons why the Board denied him parole." *Id.* at 4. The Magistrate Judge stated: "To the contrary, the Petition plainly demonstrates that ... Petitioner was given the opportunity to be heard at his October 1, 2008 parole consideration hearing, and he received a statement of the reasons why parole was denied." *Id.* The Magistrate Judge concluded: "Petitioner cannot state a claim for violation of his rights under the Due Process Clause because, as his Petition and the exhibits attached thereto plainly demonstrate, he was provided the minimum procedures required (i.e., an opportunity to be heard and a statement of reasons why the Board denied him parole)." *Id.* at 5.

The Magistrate Judge correctly found that the reasoning in *Swarthout* applies to this case. The Magistrate Judge correctly found that "Petitioner does not allege that ... he was denied a meaningful opportunity to be heard or a statement of reasons why the Board denied

him parole." *Id.* at 4. The Court finds that the Magistrate Judge correctly concluded that Petitioner cannot state a claim for deprivation of due process under the federal Constitution.

## II.     Petitioner's Eighth Amendment Claim

"A life-term sentence for murder is not cruel and unusual punishment." *United States v. Van Winrow*, 951 F.2d 1069, 1071 (9th Cir. 1991). "Generally, so long as the sentence imposed does not exceed the statutory maximum, it will not be overturned on eighth amendment grounds." *United States v. McDougherty*, 920 F.2d 569, 576 (9th Cir. 1990).

In *Juarez v. Salinas*, 2:11-CV-1811 KJM JFM, 2011 WL 6754008 (E.D. Cal. Dec. 23, 2011), the petitioner, who was serving a sentence of twenty-five years to life following a California state court conviction of first degree murder, challenged the Board's decision to deny him parole on Eighth Amendment grounds. The federal district court stated that:

> ... [T]he Board's decision, while lengthening his physical term of confinement, does not change his original sentence. As petitioner is serving an indeterminate sentence, it is possible that he may be paroled, but it is also possible that he shall remain incarcerated for the entire life term. Petitioner has not stated facts that would entitle him to Federal habeas relief under the Eighth Amendment's prohibition against cruel and unusual punishment. ...

*Juarez*, 2011 WL 6754008, at *17.

In this case, the Magistrate Judge stated: "There is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners." (ECF No. 23 at 6) (quoting *Swarthout*, 131 S. Ct. at 862). The Magistrate Judge stated: "Generally, so long as the sentence imposed does not exceed the statutory maximum, it will not be overturned on eighth amendment grounds." *Id*. at 7 (quoting *United States v. McDougherty*, 920 F.2d 569, 576 (9th Cir. 1990)). The Magistrate Judge stated: "[T]he United States Supreme Court has upheld the constitutionality of indeterminate life sentences with the possibility of parole after a specified period of time." *Id*. (quoting *Branch v. Swarthout*, 3:11-CV-00857 AJB, 2012 WL 256515, *5 (S.D. Cal. Jan. 27, 2012) (citing *Ewing v. California*, 538 U.S. 11 (2003)). The Magistrate Judge concluded that "as in *Juarez*, [i]n view of the pertinent state statutory scheme, it does not appear that [P]etitioner could allege a tenable cruel and unusual punishment claim" because "Petitioner's sentence did not exceed the statutory maximum." *Id.*

    The Magistrate Judge correctly found that indeterminate life sentences with the possibility of parole are generally not in violation of the Eighth Amendment. The Magistrate Judge correctly found that the reasoning of *Juarez* applies to this case because Petitioner's sentence did not exceed the statutory maximum. The Court finds that in this case, the Magistrate Judge correctly concluded that Petitioner cannot allege facts sufficient to support a claim for cruel and unusual punishment in violation of the Eighth Amendment.

### CERTIFICATE OF APPEALABILITY

    A certificate of appealability must be obtained by a petitioner in order to pursue an appeal from a final order in a Section 2254 habeas corpus proceeding. See 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

    A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). It must appear that reasonable jurists could find the district court's assessment of the petitioner's constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). The Court concludes that jurists of reason could not find it debatable whether this Court was correct in denying the Petition. The Court denies a certificate of appealability.

### CONCLUSION

    IT IS HEREBY ORDERED that the Report and Recommendation (ECF No. 23) is adopted in its entirety. The Petition for Writ of Habeas Corpus is DISMISSED without leave to amend. The certificate of appealability is DENIED.

DATED: September 18, 2012

                                            *William Q. Hayes*
                                            **WILLIAM Q. HAYES**
                                            United States District Judge